**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JASON EVANS,                                              CASE NO. 3:26 CV 956

     Plaintiff,

     v.                                                        JUDGE JAMES R. KNEPP II

DRIVEWAY FINANCE CORPORATION,
et al.,

     Defendants.                                **ORDER**

On April 23, 2026, Plaintiff Jason Evans filed a *pro se* complaint in this action against Driveway Finance Corporation and BMW of Freehold, asserting violations of consumer protection laws, misrepresentation, and conversion in connection with his purchase and financing of a BMW vehicle. (Doc. 1).

On June 5, 2026, the Court granted Defendants' motion for an extension of time, up to and including July 8, 2026, in which to move, answer, or otherwise plead in response to Plaintiff's complaint. Three days later, on June 8, 2026, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunctive Relief. (Doc. 6).

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000)). When determining whether to issue such relief, courts in the Sixth Circuit consider whether: (1) the movant has shown a strong likelihood of success on the merits; (2) the movant will suffer irreparable harm if the injunction is not issued; (3) the issuance of the injunction would cause substantial harm to others; and (4) the public

interest would be served by issuing the injunction. *Leary*, 228 F.3d at 736. These factors are not prerequisites, but are factors that are to be balanced against each other. *United Food & Com. Workers Union, Local 1099 v. Southwest Ohio Reg'l Transit Auth.*, 163 F.3d 341, 347 (6th Cir. 1998).

On review, the Court finds no just cause to grant Plaintiff's Motion. Plaintiff does not demonstrate in his Motion that he has a likelihood of success on the merits of his claims[1] and the Court does not find that the circumstances warrant the extraordinary relief Plaintiff seeks, in what appears to be a dispute about the legitimacy of an automobile financing arrangement.

For the foregoing reasons, good cause appearing, it is

ORDERED that, Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunctive Relief (Doc. 6) be, and the same hereby is, DENIED, and this case shall proceed in the ordinary course.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: June 22, 2026

---

1. Rather, in his Motion, as to this factor, Plaintiff simply states: "Plaintiff believes there is a substantial likelihood of success on the merits based on the facts, evidence, and Defendant's conduct relating to the issues being litigated." (Doc. 6, at 3).